IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **ANTONIO FLORES**, §<br>#08450-180, §<br>      Movant, §<br>§<br>v. §<br>§<br>**UNITED STATES OF AMERICA**, §<br>§<br>      Respondent. § | Civil Action No. **3:20-CV-3538-L-BH**<br>(Criminal Case No. 3:16-CR-279-L(1)) |

## ORDER

On October 24, 2023, United States Magistrate Judge Irma Carrillo Ramirez entered the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") (Doc. 13), recommending that the court deny pro se Movant Antonio Flores's ("Movant") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion") (Doc. 2), filed November 24, 2020. Liberally construed, Movant asserts an ineffective assistance of counsel claim primarily based on two grounds[1] for relief: (1) "[Counsel] rendered deficient performance when he failed to object to the [U.S.S.G.] § 2D1.1(b)(1) dangerous weapon enhancement in the [Presentence Report]" and (2) "[Counsel] Rendered Deficient Performance when He Failed to Present The Court with Transcripts and English Translations (and photographs) of The Government's Video and Audio Recordings in Support of His Objection to The [U.S.S.G.] § 3B1.1(a) Four Level Organizer or Leader Enhancement at ¶ 57 of The [Presentence Report]." Report 4 (citing Movant's Motion 4, 18-19). The Government filed a Response (Doc. 5) on January 29, 2021. Movant filed a Reply (Doc. 6) on March 17, 2021.

---

[1] As the Report recognizes, Movant's allegations could be liberally construed to assert a few other independent grounds of ineffective assistance of counsel. As these are bare allegations, they do not warrant a separate analysis. To the extend Movant was attempting to assert them, they are dismissed for the same reasons stated previously.

The Report recommends denying Movant's Motion because he only asserts conclusory and unsubstantiated statements that are insufficient to satisfy either prong of *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (holding that to successfully state a claim of ineffective assistance of counsel, the movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense.). Report 6, 14-16. Movant did not file objections to the Report, and the time to do has passed.

Having reviewed the Motion, Response, Reply, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Movant cannot satisfy either prong of the *Strickland* two-prong test to show ineffective assistance of counsel based on any of his underlying arguments. Accordingly, the court **denies** Movant's Motion (Doc. 2) and **dismisses with prejudice** this action.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[2] The court determines that Movant has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was

---

[2] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

> **(a)** **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
>
> **(b)** **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the Report filed in this case. In the event that Movant files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

    **It is so ordered** this 8th day of December, 2023.

                                        Sam A. Lindsay
                                        United States District Judge